IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| E.J.Z., | : |
|     Petitioner, | : |
| v. | : Case No. 4:25-cv-238-CDL-AGH |
| | : 28 U.S.C. § 2241 |
| PAM BONDI, *et al.*, | : |
|     Respondents. | : |

## ORDER

Petitioner applied for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1). Pending before the Court is Petitioner's motion to appoint counsel (ECF No. 2). Petitioner argues that appointment of counsel is warranted because he has a strong chance of success on the merits, the case involves complex legal issues, and because discovery and an evidentiary hearing might be necessary. Pet'r's Mot. to Appoint Counsel 1-2, ECF No. 2.

Petitioner cites 18 U.S.C. § 3006A(a)(2)(B) as the authority under which counsel should be appointed. *Id.* In relevant part, the statute provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [28 U.S.C. § 2241]." 18 U.S.C. § 3006A(a)(2)(B). However, the issues in this case are neither factually nor legally complex. Petitioner set forth the essential factual allegations underlying his claims in his habeas application, and the applicable legal doctrines are readily apparent.

Further, the Court finds no factual dispute which would necessitate either discovery or an evidentiary hearing at this time. Thus, the interests of justice do not require the appointment of counsel in this case. Accordingly, Petitioner's motion for appointed counsel (ECF No. 2) is **DENIED**. If it becomes apparent at a later point in this proceeding that Petitioner is entitled to appointed counsel, he may refile his motion.

**SO ORDERED**, this 21st day of July, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE